No. 28,574.

THE SIMPSON STATE BANK, *Appellant,* v. GEORGE DOWNEY, *Appellee.*

(275 Pac. 153.)

Opinion filed March 9, 1929.

*R. L. Hamilton,* of Beloit, for the appellant.

*Frank A. Lutz, A. E. Jordan* and *Harold N. Jordan,* all of Beloit, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued George Downey, one of the signers of a promissory note, to recover thereon. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The defense was that the note had been signed for the accommodation of the plaintiff and that the defendant had not received any consideration therefor. The evidence was submitted to a jury which returned a verdict in favor of the defendant and answered special questions as follows:

"1. Did the defendant receive any consideration for signing the note in question? A. No.

"3. Did Joe La Rocque receive any consideration for defendant's signature upon the note in question? A. No.

"5. Did the defendant sign the note sued upon at the request of the plaintiff through its officer, John Nelson? A. Yes.

"6. Had the note sued upon been signed by Joe La Rocque before the defendant signed it? A. Yes.

"7. Had Joe La Rocque ever requested the defendant to sign the note sued upon? A. No."

The material parts of the evidence as shown by the abstract of the plaintiff were as follows:

"Plaintiff's Evidence.

"Martin Johnson testified that he is cashier of the plaintiff bank and has been cashier since 1921. That the bank had transactions with Joe La Rocque and Geo. Downey, the maker of the note sued upon, starting about 1923 . . . Asked if the old note was returned or if it was kept by the bank, upon renewal, witness answered, 'Well, if they both signed there at the same time, why it would be returned to them; if not, why, the other one would be held until it was signed by both.'

"Witness produced the accounts receivable book of the bank, containing the transactions by the bank and Joe La Rocque, and the defendant Geo. Downey. The first note given was January 30, 1923, being note No. 9040 in the sum of $428.50, signed by Joe La Rocque and Geo. Downey. This note was renewed September 27, 1923, by note No. 9520 in the sum of $400, signed by Joe La Rocque and defendant Geo. Downey.

"That note was renewed August 23, 1924, by note No. 10,137 in the sum of $400 signed by the same parties, and was renewed July 30, 1925, by note No. 11,589 in the sum of $400, the makers being Joe La Rocque and Geo. Downey, and that note was renewed July 9, 1926, signed by the same parties, and is the note sued upon in this case. The note sued upon was introduced in evidence."

"Defendant's Evidence.

"Joe La Rocque identified defendant's exhibit 1, being a copy of the note sued upon in this action, and stated that he signed the original at the Simpson State Bank on July 9, 1926. That at the time he signed the note the name of Geo. Downey had not been signed to the note. That the note was a renewal of a former note in favor of the bank, and that Geo. Downey was a signer on the former note. . . .

"Q. State if you know who received the proceeds, or consideration, or the money for the note of which exhibit 1 is a renewal. Did you get the money on the first note that Downey signed?   A. No; I got the money previous to that time.

"Q. Was Mr. Downey a signer on the old note for which you received the money?   A. No.

"Q. Did Geo. Downey ever owe any part of the indebtedness which is evidenced by the note, exhibit 1?   A. No. . . ."

"Geo. Downey testified that he resides at Simpson, Kan., and has lived there twelve years. That he had no checking account at the plaintiff bank; that he signed the note, exhibit A, in the plaintiff bank at Simpson.

"Q. Who, if anyone, requested you to place your name on that note?   A. I was going by the street and John Nelson called me in to sign this note that Joe had renewed, a former note that I signed for him.

"Q. And had you signed a note upon which Joe La Rocque's name appeared prior to that time?   A. Joe La Rocque's name was on the one I signed in 1925 —in 1925 on the 30th day of July.

"Q. Now at the time you signed this exhibit A, had Joe La Rocque's name been signed on there?   A. Yes; this name here had been signed, I don't know when he had renewed it, and paid the interest, and they called me in afterwards and I signed this note.

"Q. Do you know about how long you signed it after the date of the note? A. I don't know just how long it was; he had renewed it, and called me in to sign this later on. That defendant had signed a note of which this was a renewal the year before at the J. C. Topp farm. That Joe La Rocque, John Nelson and witness were present and John Nelson asked witness to sign the note.

"Q. Just state what he said.   A. He asked me to sign this note for accommodation, that the bank commissioner was riding them and they asked to put somebody else on the note. . . .

"That Nelson paid the defendant no money and he received nothing for placing his name on the note.

"Q. Now, do you think of anything else that was said by Mr. Nelson out there at the Topp farm that you haven't testified to?   A. Well, he just told me to sign this as accommodation because the bank commissioner was bothering them and he just wanted to hold the note."

"On cross-examination defendant testified that John Nelson and La Rocque came out together when defendant signed the note in question.

"Q. Didn't La Rocque say anything to you about signing this note?   A. He did after Nelson had talked to me, because I told him I was good, and he would come back on me, and Joe (La Rocque) told me that they wouldn't. Defendant knew that La Rocque went through bankruptcy sometime after giving the note sued upon and defendant talked with Mr. Johnson about it. That La Rocque never told witness that the bank wouldn't extend him any further time on this note unless he signed a renewal and got defendant as security on the note.

"Q. Well, and what you thought you were doing, you weren't accommodating La Rocque at all, you were accommodating the bank—is that it? ·A. He already had owed the bank and they asked me for its accommodation to sign this note; it was an old note, had been renewed and he had it signed before they came out there.

"Q. Yes; but I say, you didn't consider you was doing anything for your neighbor, La Rocque; was that it? A. He never had mentioned it to me, never had asked me to do it; I didn't even know he owed a debt till Mr. Nelson and him came out there.

"Q. And you thought then you were signing it for accommodation of the bank and not for La Rocque; is that it? A. Well, it was the bank that asked me to sign it as accommodation."

"Martin Johnson, called in rebuttal, testified that it was no accommodation to the bank for Downey to sign the note. That had Mr. Downey not signed the note the bank would have brought an action to collect the note, and would not have extended the time of payment. That witness is the cashier of the bank, and was at the time, and would not have permitted the extension of time of payment had Mr. Downey not signed the note."

The plaintiff moved for judgment on the evidence and findings notwithstanding the verdict. The motion was denied. The plaintiff says, "The court erred in refusing plaintiff's motion for judgment on the evidence, notwithstanding the verdict." The abstract does not show such a motion. The motion was "for judgment on the evidence and findings notwithstanding the verdict." Was it error to deny that motion?

The evidence established that the note sued on was given in renewal of a note on which. the defendant was liable. He was discharged from liability on that note when he signed the new one. That was the consideration received by him when he signed the new note. The bank had given consideration when the first of the whole series was given, and it forbore to sue on the old note when the one sued on was given. The motion for judgment should have been sustained. It was error to deny that motion.

The judgment is reversed, and the trial court is directed to render judgment in favor of the plaintiff for the full amount of the note and interest thereon.